O’Neall J.
delivered the opinion of the Court.
The only question in this case, necessary to be considered, is, in whom was the right of property in the slave Phillis.
It seems to be clear that when the wife has a legal estate in chattels personal, and the right of immediate possession in severalty, that the marital rights of the husband will attach and vest the property in him.— This was laid down in the case of Ulmer v. Cannon decided at this place February 1881. The case of Davis v. Rhame, 1 McC. C.R. 195, is to the same point. In that case the slaves had been allotted by partition to Miss Davis (afterwards Mrs. Clarke) she was then a minor, and her slaves went into the possession of her guardian, Jeremiah Rhame; on his death they *193 came into the possession of Levi T. Rhame, his exec-titor; after the death of Mrs. Clarke her husband oh-tained possession. In that case, Chancellor Desaus-sure, after distinguishing it from the cases of Byrne & Stewart, Elms and Hughes, Bunch and Hurst, “But in the case we are considering, there has been an actual partition, and the negroes in question allotted to Miss Davis, and put in possession of her guardian, whose possession was for her benefit, and really hers and consequently her husband’s. I am opinion therefore that the marital rights of Clarke, did attach on the slaves.” This view of the case was concurred in by the Court of Appeals.
3 Dess. Eq. Rep.
0r¿Bn -Gei., <«.> ’
The case of Davis v. Rhame is almost the very case under consideration. The estate of RadclifF, the father of the plaintiff’s intestate, was partitioned and the negro Phillis allotted to Sarah Sausey, the wife of Gabriel Sausey. They were both present at the division, and Gabriel Sausey declined taking her from her mother, on account of her tender years, but left her with Pelham the executor of the estate. His wife died first, and- he died before he acquired any actual possession of the slave. If in this case, the possession of the executor after the partition, was for Sarah Sau-sey, then in that case, it was her possession, and consequently her husband’s, and his marital rights would even in that case attach. She had a clear legal estate, and a right to immediate possession in severalty, and no act was necessary to be done on the part of the husband, to complete his title. ■
But independent of this view, which-is satisfactory and conclusive, there is another equally so.- Gabriel Sausey had the legal possession of the slave. He declined at the partition to take her from her mother, and left her with the executor. He thus made him his agent to hold the slave for him, and his actual possession was that of Gabriel Sausey.
Treville, for the motion.
Iam therefore satisfied that the right of property was in Gabriel Sausey, and not in the plaintiff’s intestate. , ,

Ike motion for a non-suit is granted.

Johnson J. concurred.
Harper J. absent.